IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ELSIDIA L. CALINAWAN,

        Plaintiff,

   v.

OCWEN FINANCIAL CORPORATION,

        Defendant.
_____/

No. C 13-0562 RS

**ORDER GRANTING MOTION TO REMAND**

## I. INTRODUCTION

Plaintiff Elsidia L. Calinawan filed this action in Monterey Superior Court alleging that Ocwen Financial Corporation acted improperly when processing and ultimately denying her request for a modification of the loan on her residence. While the complaint is not entirely clear, Calinawan appears to contend that actionable misrepresentations were made to her regarding the availability of a loan modification at the time she took out the original loan, or when she applied for a modification, or both. Calinawan also complains that she was not given sufficient explanation as to why her application for modification was denied. Finally, Calinawan alleges that she was misled as to the terms or nature of the original loan.

The complaint sets out no specific amount of damages claimed. The prayer suggests that the primary relief Calinawan seeks is an order compelling Ocwen to offer her a loan modification, on unspecified terms. Based on the fact that the existing loan balance exceeds $400,000, Calinawan's request for attorney fees, and suggestions of other potential items of damage, Ocwen concluded that

the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction, and removed the action to this court.

Ocwen then moved to dismiss for failure to state a claim. Calinawan responded by moving to remand, but filed no opposition to the motion to dismiss. Both motions have been submitted without oral argument pursuant to Civil Local Rule 7-1(b). Although Ocwen's assertion in the notice of removal that the amount in controversy exceeds $75,000 was not unreasonable, it has not met its burden to show by a preponderance of the evidence that the jurisdictional amount has been satisfied. Accordingly, the motion to remand will be granted, and the motion to dismiss will not be reached.

## II. LEGAL STANDARD

An action is removable to a federal court only if it could have been brought here originally. 28 U.S.C. § 1441(a). A district court has diversity jurisdiction over any civil action between citizens of different states so long as the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. If at any time before final judgment, the court determines that it is without subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c). There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). The defendant always bears the burden of establishing the propriety of removal. *Id*.

Where the amount of damages sought by a plaintiff is unclear, the defendant must prove facts supporting the jurisdictional amount by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 403 (9th Cir. 1996); *Gaus*, 980 F.2d at 567 (citing *McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936)); 28 U.S.C. § 1332(a). Thus, the defendant must demonstrate that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez*, 102 F.3d at 404.

The court determines whether defendant has met this burden by first considering whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied. *See*

*Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). If the complaint does not clearly specify damages, the court may examine facts in the complaint and evidence submitted by the parties. The jurisdictional minimum may be satisfied by claims for special and general damages, attorney fees and punitive damages. *See Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998).

### III. DISCUSSION

The sole issue presented by Calinawan's remand motion is whether it is more likely than not that the amount in controversy exceeds $75,000.[1] Calinawan asserts her complaint merely seeks a "good faith review" of her loan modification application. She appears to contend that such relief has no monetary value that could constitute part of the amount in controversy. Arguing further that attorney fees and other incidental damage items will total "far less" than the jurisdictional minimum, Calinawan concludes remand is mandated.

As noted, Calinawan's complaint actually prays for a loan modification to be compelled, not just a good faith review. Additionally, requests for injunctive relief generally may be assigned a monetary value when evaluating the amount in controversy. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996). Thus, the monetary value of a loan modification theoretically could count towards the jurisdictional threshold.

Nevertheless, Ocwen has failed to establish that jurisdiction is proper in this case. Its opposition asserts, without citation, that it "does not bear any burden to establish the nature and amount of Plaintiff's damages." [2] As demonstrated by the authorities cited above, that statement is simply incorrect. In the context of motions to remand for failure to satisfy the amount in

---

[1] Calinawan's motion devotes argument to establishing that her complaint presents no federal question and that removal on that basis would therefore be improper. As Ocwen removed solely on the basis of claimed diversity jurisdiction, that argument is superfluous.

[2] Ocwen similarly argues it has no responsibility to establish the likely amount of the attorney fee claim and that it could not do so in any event.

controversy requirement, parties typically will "find themselves in the curious position of arguing their opponent's case." *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1031 (N.D.Cal. 2002). Having instead incorrectly asserted that plaintiff must establish the amount of her damages and attorney fees, Ocwen has largely ignored its burden in this motion.

While Ocwen does argue that the amount in controversy necessarily exceeds $75,000 given that Calinawan is seeking modification of a loan with a balance in excess of $400,000, it has not offered evidence as to the actual monetary value of the modification sought. Ocwen makes an irrelevant claim that the loan could never be modified such that the remaining balance of the loan would be under $75,000. There is no indication, however, that Calinawan seeks such a drastic modification, the value of which presumably would be in excess of $300,000. Ocwen also acknowledges that the value of the property itself is not an appropriate measure of the amount in controversy.

As Ocwen correctly notes, a plaintiff cannot defeat removal jurisdiction by reducing the claim below the requisite amount by stipulation, affidavit, or amendment after removal. *Simmons*, 209 F.Supp.2d at 1033. Here, however, Calinawan has not attempted to reduce or waive some portion of a claim plainly made, or an amount expressly stated, in the complaint. Rather, in this instance it is not facially apparent from the complaint that the jurisdictional amount is satisfied, and Calinawan has merely set out her views that the value of her claim is below the threshold. Because Ocwen has not met its burden to establish otherwise, remand must be granted.

## IV. CONCLUSION

Plaintiff's motion is granted and this matter is hereby remanded to Monterey Superior Court. In the absence of removal jurisdiction, the merits of defendant's motion to dismiss cannot be reached.

1  IT IS SO ORDERED.

3  Dated: 6/19/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California